# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : CHAPTER 13 |
| | : |
| JOHN KLEIN AND LANA KLEIN | : |
| | : |
| DEBTOR(S) | : BANKRUPTCY NO. 15219 SR |

| | |
|---|---|
| JOHN KLEIN | : |
| | : |
| PLAINTIFF | : |
| | : |
| vs. | : |
| | : |
| HSBC MORTGAGE SERVICES D/B/A | : |
| HSBC MORTGAGE CORPORATION (USA) | : |
| | : |
| DEFENDANT | : ADVS. NO. 10-0015 |

# OPINION

BY: STEPHEN RASLAVICH, CHIEF UNITED STATES BANKRUPTCY JUDGE.

## Introduction

Before the Court are two motions: Plaintiff's Motion for Default Judgment and Defendant's Motion to Dismiss. Both Motions are opposed. At the hearing, the Court denied the Motion for Default[1] and took the dismissal request under advisement. For

---

[1] Among other reasons, the motion for default judgment was denied because there is a strong federal policy of trying cases on their merits. *See Crossley v. Lieberman*, 90 B.R. 682, 686 (E.D.Pa.1988). In addition, there is an issue as to whether service of process was effected. The Plaintiff attempted to serve HSBC, a corporation, via certified mail. Bankruptcy Rule 7004(d) provides for nationwide service of process. HSBC maintains that the mailing address used is not a designated mailing address. *See* HSBC's Response. When serving a corporation via mail Rule 7004 provides:

> (b) Service by first class mail

(continued...)

the reasons which follow, the Complaint will be dismissed without prejudice.

**The Complaint**

The causes of action are raised under the Pennsylvania Fair Credit Extension Uniformity Act (FCEUA), 73 P.S. § 2270.1 et seq., and the Pennsylvania Unfair Trade Practices and Consumer Protection Law, (UDAP[2]) 73 P.S. § 201-1 et seq.  The violation is alleged to consist in the Defendant having contacted the Plaintiff directly while Plaintiff was represented by an attorney.  Complaint, ¶ 9.

---

[1](...continued)
> Except as provided in subdivision (h), in addition to the methods of service authorized by Rule 4(e)-(j) F.R.Civ.P., service may be made within the United States by first class mail postage prepaid as follows:
>
> ...
>
> (3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint to the *attention of an officer*, a *managing or general agent*, or to *any other agent authorized* by appointment or by law *to receive service* of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

B.R. 7004(b)(3) (emphasis added).  FRCP 4(e)-(j) do not provide for mail service.  Thus, Plaintiffs availed themselves of the bankruptcy rule's provision for mail service upon a corporation.  However, their proof of service does not indicate that the summons and complaint were addressed to the attention of an officer, managing or general agent, or other person authorized to received service of process.  All that Plaintiffs provide is a copy of the certified mail receipt indicating that process was received by an individual named Michael Gary.  Mr. Gary's status with the defendant corporation is not explained.  To the Court however, the deficiency appears to be obvious: the summons and complaint were not addressed to an officer or other responsible agent for services purposes as the rule expressly requires.  Accordingly, there is demonstrated a failure of service of process requiring denial of any request for a default judgment.  Moreover, it should be noted that the Plaintiffs' response to the motion to dismiss is itself untimely.

[2]The Court will adopt the shorter acronym (UDAP) as this statute is similar to other generic consumer protection statutes throughout the nation which prohibit *unfair* and *deceptive* acts and practices.  *See In re Milbourne,* 108 B.R. 522, 524 (Bankr.E.D.Pa.1989)

2

**Defendant's Arguments**

Defendant maintains that the complaint is deficient in two respects: first, as a general matter, the complaint fails to specify when the operative acts occurred; and second, to the extent that this claim is based on the state UDAP statute, it fails to allege the requisite elements. *See* Motion to Dismiss, ¶¶ 9-14.

**Pleading Standard**

Defendant's Motion argues first that the Complaint "fails to state a claim upon which relief may by granted." F.R.C.P. 12(b)(6) made applicable to adversary proceedings by B.R. 7012(b). A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint. *Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir.1993). "[U]nder Rule 12(b)(6) the defendant has the burden of showing no claim has been stated." *Kehr Packages, Inc. v. Fidelcor,* 926 F.2d 1406, 1409 (3d Cir.1991). When evaluating a motion to dismiss, the court must accept as true all well-pleaded allegations of fact in the plaintiff's complaint, and any reasonable inferences that may be drawn therefrom must be viewed in the light most favorable to the plaintiff. *See Phillips v. County of Allegheny,* 515 F.3d 224, 228 (3d Cir.2008). The complaint must rest on factual allegations, not on unsupported legal conclusions. *See Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 2944, 92 L.Ed.2d 209 (1986) ("Although for the purposes of [a] motion to dismiss [a court] must take all the factual allegations in the complaint as true, [the court is] not bound to accept as true a legal conclusion couched as a factual allegation."); *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir.1997) (stating that "court need not credit a complaint's 'bald assertions' or 'legal conclusions'

3

when deciding a motion to dismiss").

The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. " Fed.R.Civ.P. 8(a)(2) made applicable to adversary proceedings by B.R. 7008(a). This statement must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *see also Phillips*, 515 F.3d at 234 (reasoning that notice pleading standard encompasses concept of a "showing," which "requires only notice of a claim and its grounds"). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and alterations omitted); *see Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Furthermore, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted); *see also Phillips*, 515 F.3d at 234-35. A plaintiff must show a "plausible" or "reasonably founded hope" of success. *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (internal quotation marks and citations omitted).

**<u>Analysis</u>**

For present purposes, three statutes matter: the FCEUA, the state UDAP statute,

4

and the federal consumer collection law, 15 U.S.C. § 1692 et seq. (the Fair Debt Collection Practices Act (FDCPA)). The three statutes work together as the FCEUA relies on the federal law to establish liability and on the state consumer protection statute to provide a remedy. For entities who qualify as "debt collectors" as defined under the FCEUA, a violation of the FDCPA is a *per se* violation of the FCEUA. *See* 73 P.S. § 2270.4(a) ("It shall constitute an unfair or deceptive debt collection act or practice under this act if a debt collector violates any of the provisions of the *Fair Debt Collection Practices Act*" (emphasis added))[3] Similarly, the FCEUA does not provide its own remedy and so it incorporates the damages provision found in the UDAP statute. *See* 73 P.S. § 2270.5(a) (providing that a violation of the FCEUA also constitutes a violation of UDAP). In sum, no FCEUA claim can be made without reference to the other two statutes.

It is alleged that HSBC was a debt collector when it violated the FCEUA. Complaint ¶ 9. To repeat, the only way that a "debt collector" can violate the FCEUA is to violate the FDCPA: there is no independent act under the FCEUA pursuant to which a debt collector may violate that statute. The FDCPA exists to provide protection for consumers from abusive and harassing collection practices. 15 U.S.C. § 1692. "The primary goal of the FDCPA is to protect consumers from abusive, deceptive, and unfair debt collection practices, including threats of violence, use of obscene language, certain

---

[3] Unlike its federal counterpart, the FCEUA governs collection actions of "creditors" in addition to debt collectors. *See* 73 P.S. § 2270.4(b) (setting forth actionable conduct of a creditor)

contacts with acquaintances of the consumer, late night phone calls, and simulated legal process." *F.T.C. v. Check Investors, Inc.,* 502 F.3d 159, 165 (3d Cir.2007) (quoting *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.,* 111 F.3d 1322, 1324 (7th Cir.1997). The FDCPA prohibits, among other things, debt collectors from engaging in conduct "the natural consequence of which is to harass, oppress, or abuse any person." 15 U.S.C. § 1692d

Exactly how HSBC is alleged to have engaged in such conduct here is not explained. All that is set forth is that it "contact[ed] the Plaintiff directly after the Defendant ha[d] been notified the Plaintiff is represented by an attorney." [*sic*] *Id.* ¶ 12 There is no mention of how they were contacted, when they were contacted, what time of day they were contacted, the number of times they were contacted, what was said during the communication, or whether the communication involved deceit, oppression or harassment. For all that the Court can tell, it may have consisted of one contact after which the Defendant realized its mistake and ceased all further communications. Or it may be a series of egregious violations. The complaint is vague to the point of being wholly uninformative. That leaves the Defendant to speculate as to what it is supposed to have done wrong. As a result, the Defendant is unable to frame an informed response. Accordingly, dismissal of the FCEUA claim *without* prejudice is warranted. *See Kamara v. Columbia Home Loans, LLC,* 654 F.Supp.2d 259, 266 (E.D.Pa.2009) (holding that FCEUA claims consisting of conclusory allegations failed to state a claim)

*The UDAP Claim*

6

Having found that the Complaint fails to state an FCEUA claim, the Court turns to Defendant's contention that the UDAP claim is likewise deficient. The issue as to the UDAP claim however is not one of pleading but rather of preemption. UDAP prohibits the use of unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce as defined by the statute. *See* 73 P.S. § 201-3. And debt collection has been deemed to be an activity within trade or commerce as regulated under UDAP. *See Pennsylvania Retailers' Assocs., Reliable, Inc. v. Lazin*, 426 A.2d 712, 718, 57 Pa.Cmwlth. 232 (1981). However, with regard to debt collection UDAP serves only to make violations actionable; it does not define what is an abusive collection practice. With the passage of the FCEUA (effective June 2000), it would be *that* statute which establishes what activities constitute "unfair methods of competition and unfair or deceptive acts or practices with regard to the collection of debts." 73 P.S. § 2270.2; *Flamm v. Sarner & Associates, P.C.*, 2002 WL 31618443 at *6 (E.D.Pa. Nov. 6, 2002).[4] As a result, the Plaintiff's failure to have pleaded the elements which support a general UDAP claim (i.e., fraud and deception) is irrelevant.

*Summary*

For the foregoing reasons, the Complaint will be dismissed without prejudice and

---

[4]This was the state of the law before the FCEUA as well. *See Fair Debt Coll. Prac.* ¶ 39.01 (A.S.Pratt & Sons, November 2009) (explaining that prior to FCEUA the Pennsylvania Code of Regulations defined abusive debt collection practices, 37 Pa.Code §§ 303.1, et seq., repealed)

7

the Plaintiff will have fifteen (15) within which to file an amended pleading.[5]

An appropriate Order follows.

By the Court:

_Stephen Raslavich_
Stephen Raslavich
Chief U.S. Bankruptcy Judge

Dated: June 29, 2010

---

[5] The Court also recalls that in its Response as well as at the hearing, the Plaintiff asserted his entitlement to damages for emotional distress and aggravation. Such a measure of damages, however, is not afforded to the successful UDAP plaintiff as it does not constitute an ascertainable loss. *See In re Bryant*, 111 B.R. 474, 480 (E.D.Pa.1990); *Nelson v. First Card*, 1998 WL 107236 at *3 (E.D.Pa., March 9, 1998); *In re Clark*, 96 B.R. 569, 583 (E.D.Pa.1989); and *Wenrich v. Cole*, 2001 WL 4994 at *7 (E.D.Pa. February 27, 1989) Accordingly, any amended complaint filed in accordance with the Court's ruling should make no claim for such damages.

8